**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| KIRK M. HUGHES,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 1:25-CV-594-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Kirk M. Hughes on November 7, 2025, and Plaintiff's Opening Brief [DE 11], filed on April 14, 2026. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 9, 2026, the Commissioner filed a response, and Plaintiff filed a reply on July 23, 2026. For the following reasons, the Court remands the Commissioner's decision.

## I. Background

On July 22, 2019, Plaintiff first filed applications for benefits, with an alleged onset date of December 31, 2012. He was eventually found to be disabled as of July 22, 2019, for purposes of Supplemental Security Income. His DIB claims were appealed to this court and remanded back to the ALJ for additional analysis. On August 8, 2024, an Administrative Law Judge ("ALJ") held a phone hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On July 11, 2025, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 2012, through his date last insured of December 31, 2013.

3. Through the date last insured, the claimant had the following severe impairment: flex sympathetic dystrophy and complex regional pain syndrome.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity to perform the full range of sedentary work.

6. The claimant has no past relevant work.

7. The claimant was a younger individual age 45-49 on the date last insured.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability as defined in the Social Security Act at any time from December 31, 2012, the alleged onset date, through December 31, 2013, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ erred in the evaluation of the medical expert opinion and Plaintiff's need for a mobility scooter. On November 15, 2023, Judge Andrew Rodovich remanded a previous ALJ opinion because "the available medical evidence and testimony support a reasonable inference that Kirk H.'s impairments were severe." AR 2446. On remand, the ALJ strenuously disagreed with Judge Rodovich's determination, finding a severe impairment "only based upon the District Court's findings." AR 2241.

The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056,

1060 (7th Cir. 1991). This case was previously remanded because of the obvious conflict between the record and the ALJ's conclusions. In particular, Judge Rodovich noted that the ALJ erroneously discounted testimony and evidence that Plaintiff began using a mobility scooter in 2008 and evidence from a treating physician regarding the extent of Plaintiff's limitations. Judge Rodovich noted that medical records were unavailable because of the amount of time that had passed, not because they never existed, and finding that the ALJ should have contacted the treating physician regarding the opinion rather than discounting it because of the lack of supporting records.

The ALJ again emphasized the lack of physician reports showing that Plaintiff used a mobility scooter as a reason to exclude it from the RFC and concluded that Plaintiff did not require any assistive device during the time in question. As evidence that Plaintiff's need for assistive devices started later, he cites a single page of a multi-page function report completed by Plaintiff in 2019 that includes a litany of explanations of Plaintiff's extreme limitations and pain. In a question asking about assistive devices, Plaintiff checked the boxes next to walker, wheelchair, cane, and glasses (there was no checkbox for mobility scooter). AR 433. The form notes that only the glasses were prescribed by a doctor, so in answer to the next question of when his prescription was obtained, gave the date of "3 years ago," presumably as to his glasses. However, the ALJ characterized this response as meaning that Plaintiff had only been using a cane or walker for the three years since he received the vision prescription, and characterized the function report as stating that Plaintiff "actually did not utilize an assistive device prior to approximately sometime three years before" the 2019 report. AR 2241. At best, this is cherry picking of evidence to support his reasoning, *see Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."), but it appears instead

to be intentional misreading of the record to support a finding of non-disability. The ALJ disregarded Plaintiff's testimony about the use of mobility devices during the time in question, despite the 2008 purchase of a mobility scooter, because "there is no prescription for the scooter or noted purpose of the scooter by a provider and in fact, the receipt does not confirm for whom it was bought." AR 2240. There is obviously no prescription required for a mobility scooter or other mobility devices, like canes, nor does a sales receipt typically include the kind of information the ALJ mentions. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription."). Although Plaintiff may not have needed to use a mobility scooter or other assistive device at all times, the ALJ completely disregarded his use of assistive devices, despite the previous opinion requiring him to take it into account, and concluded that Plaintiff did not have any limitations, including postural limitations, that restricted his ability to perform all types of sedentary work.

Plaintiff argues that the ALJ also erred in his analysis of the treating physician's opinions. The Commissioner argues that the ALJ reviewed new responses from plaintiff's treating physician, AR 2822-2824, and explained why he discounted them. The record, including the previous Court opinion, is clear that the new response from the treating physician is based on his memory because the medical records no longer exist, but the ALJ discounted the opinions therein because "his findings were based upon his memory" and "did not cite clinical findings . . .[or] treatment dates." AR 2253. "[W]hen it comes to a medical opinion specifically, an ALJ must evaluate the persuasiveness of the opinion for its supportability and consistency. The evaluation also must articulate and explain how the ALJ considered the supportability and consistency factors in her decision." *Jones v. Dudek*, 134 F.4th 991, 994 (7th Cir. 2025) (quoting 20 C.F.R. §§ 404.1520c(a),

416.920c(a), 404.1520c(b)(2), 416.920c(b)(2)) (quotation marks omitted); *see also Liapis v. Bisignano*, 180 F.4th 946, 951 (7th Cir. 2026) (remanding because the ALJ "never stated that Dr. Pushkash's opinion was not supported by relevant, objective medical evidence (supportability), and he never stated that Dr. Pushkash's opinion was inconsistent with the other evidence (consistency), as required by § 404.1520c(b)(2)").

The Court notes that, as Plaintiff argues, the ALJ also failed to discuss Plaintiff's diagnosed conversion disorder and genetic disorder, both of which likely caused episodes of weakness. This case must be remanded for the reasons described herein, and on remand the full range of Plaintiff's limitations should be considered. Plaintiff urges an award of benefits rather than reconsideration, noting that the medical records from the time period at issue are now unobtainable because of their age. However, the errors described herein do not answer all of the factual questions in this case. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (reasoning that a court in its review of the entire administrative record does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of SSA). The Court suggests that the Commissioner take the repeated failures, and the accompanying cost of multiple appeals, along with the inaccessibility of any additional medical evidence, into account on remand. The Court also notes that the opinion of the ALJ reads more as a criticism of the previous district court opinion than a measured weighing of the evidence in accordance with regulations, and recommends that, if the Appeals Council does not determine that an award of benefits is appropriate, a new ALJ be appointed.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 11] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 19th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record